UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

ROBERTA WAGNER,

                 Plaintiff,

      -vs-                      **No. 6:16-CV-06161 (MAT)**
                                         **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                  Defendant.

─────────────────────────────

## I.  Introduction

Represented by counsel, Roberta Wagner ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded for further administrative proceedings consistent with this Decision and Order.

## II. Procedural History

The record reveals that in October 2012, plaintiff (d/o/b August 27, 1965) applied for SSI, alleging disability as of January 1, 1999. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Connor O'Brien ("the ALJ") on June 25, 2014. The ALJ issued an

unfavorable decision on November 3, 2014. The Appeals Council denied review of that decision and this timely action followed.

### III. Summary of the Evidence

The record reveals that plaintiff treated with Dr. Maureen Perry during the relevant time period.[1] Treatment notes indicate that plaintiff was on antidepressant medication as well as medication to control her diabetes. Notes of physical examinations, however, were unremarkable. Plaintiff also attended treatment at Sawgrass Pain Treatment Center ("Sawgrass"), where she received epidural injections approximately every three months. Physical examinations performed by Dr. Christopher Galton at Sawgrass indicated that plaintiff reported tenderness, demonstrated decreased range of motion ("ROM") of the lumbosacral spine, and occasionally had positive straight leg raise ("SLR") tests. Plaintiff was prescribed Gabapentin for pain and reported improvement with the epidural injections. Imaging of plaintiff's lumbar spine showed mild degenerative changes without significant central canal or neural foramina narrowing, as well as posterior central disc protrusion at T10-T11 level, causing mild central canal narrowing.

On April 10, 2013, Dr. Perry completed a medical source statement regarding plaintiff's physical capabilities. Dr. Perry, who noted that plaintiff had been her patient "for many years,"

---

[1] The record also contains regular treatment notes prior to the relevant time period, during which plaintiff saw Dr. Perry for treatment of a work-related back injury.

opined that plaintiff's impairments were severe enough to interfere with the attention and concentration required to perform simple work-related tasks on a frequent basis. According to Dr. Perry, plaintiff could walk one city block without rest or significant pain; could sit 30 minutes at one time and stand 15 minutes at one time, but could not sit, stand, and/or walk at all during an eight-hour workday; she would need a job which permitted shifting positions at will from sitting, standing, or walking; and she would need to take unscheduled breaks from the workday every hour for 10 minutes. Dr. Perry opined that plaintiff could occasionally lift up to 10 pounds, but could never lift anything heavier. Dr. Perry concluded that plaintiff was incapable of working eight hours per day, five days per week on a sustained basis, and she would be absent from work more than four times per month.

Plaintiff also received mental health treatment at Unity Mental Health during the relevant time period. On mental status examination ("MSE"), plaintiff at times demonstrated preoccupied thought processes or thought processes characterized by guilt or helplessness; anxious, depressed, and irritable mood; and superficial insight. Plaintiff was diagnosed with major depressive disorder, recurrent, of moderate severity, and prescribed Trazodone (a sedative and antidepressant), Wellbutrin (a smoking cessation aid and antidepressant), Lunesta (a sedative), and Abilify (an antipsychotic commonly used to treat schizophrenia, bipolar disorder, and depression).

In a Disability Determination Explanation which included a mental RFC assessment dated September 17, 2012, state agency reviewing psychologist Dr. L. Blackwell opined that plaintiff was moderately limited in maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. Dr. Blackwell concluded, based on a review of plaintiff's file, that plaintiff had no restrictions in activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties maintaining concentration, persistence, or pace.

## IV.  The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since October 17, 2012, the application date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the bilateral hips and knees; diabetes mellitus; vitamin D deficiency; hyperlipidemia; status post fracture of the right foot; depression; and obesity. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except that she could not climb a rope, ladder, or scaffolding; could not balance on narrow, slippery, or moving surfaces; could occasionally stoop, crouch, climb stairs, kneel, and crawl; could tolerate up to occasional exposure to extreme cold, extreme heat, wetness, humidity, and occasional exposure to concentrated airborne irritants; could "focus on work tasks for 2 hour periods, but required up to three, short, unscheduled, less-than-5-minute breaks in addition to the regularly scheduled daily breaks"; and could work to meet daily goals, but not maintain an hourly, machine-driven, assembly line production rate.

At step four, the ALJ found that plaintiff could not perform any past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy which plaintiff could perform. Accordingly, she found that plaintiff was not disabled.

## V.   Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" <u>Shaw v. Chater</u>, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the RFC finding is unsupported by substantial evidence. Specifically, plaintiff argues that the ALJ did not properly weigh the treating physician opinion given by Dr. Perry, and that the ALJ failed to discuss the only mental health opinion in the record, which was given by consulting reviewing state psychologist Dr. Blackwell. In a related argument, plaintiff contends that the hypothetical questions posed to the vocational expert ("VE") were incomplete because they were based on the RFC finding, which in turn was not supported by substantial evidence.

Regarding physical limitations, the ALJ gave "very little weight" to Dr. Perry's opinion, finding that "[a]lthough from a treating source, the extreme limitations [given were] not supported," because "clinical and objective evidence documenting [plaintiff's] physical impairments [did] not support this opinion; [plaintiff] respond[ed] positively to comparatively moderate treatment," and plaintiff's "own report of her activities, such as that she is able to walk one mile per day undercuts this opinion." T. 18.

The only other physical assessment weighed by the ALJ was an April 2011 assessment signed by Dr. Perry's physician's assistant, Becky Thomas, in which PA Thomas opined that plaintiff was 75% totally disabled and could not perform past relevant work. PA Thomas opined that plaintiff could "possibly" work "but she

[was] very limited as to how long she could sit, stand, walk, and she [was] unable to do any persistent lifting or bending." T. 354. PA Thomas indicated that this condition could result in permanent limitation and stated that plaintiff had reached maximal medical improvement. The ALJ gave PA Thomas's opinion "very little weight . . . because it [was] inconsistent with the [plaintiff] exercising and walking three to five times per week," and plaintiff's "condition [was] greatly improved for long periods of time with epidural injections, which contradicts this opinion." T. 18. Additionally, the ALJ noted that PA Thomas was not an acceptable medical source under the regulations and as such "her opinion [was] not entitled to any special deference." T. 18.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). An ALJ must give "good reasons" for rejecting the opinion of a treating physician. See Saxon v. Astrue, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) (citing 20 C.F.R. § 404.1527(d); Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9, *12 (July 2, 1996) (stating that, when an ALJ's decision is not fully favorable to a claimant, he must provide specific reasons for the weight given to each treating source's medical opinion, supported by record evidence, and must state the reasons for that weight)).

As noted above, the reasons given by the ALJ for rejecting
Dr. Perry's opinion were that "clinical and objective evidence
documenting [plaintiff's] physical impairments [did] not support
this opinion; [plaintiff] respond[ed] positively to comparatively
moderate treatment," and plaintiff's "own report of her activities,
such as that she is able to walk one mile per day undercuts this
opinion." T. 18. The ALJ failed, however, to explain what clinical
and objective evidence failed to support Dr. Perry's opinion, and
failed to describe how the opinion was inconsistent with the
medical record as a whole. This is especially significant
considering plaintiff's regular treatment for back pain and
findings, upon examination at pain management, that she
demonstrated tenderness, positive SLR tests, and decreased ROM.
Because the ALJ did not explain how the medical record specifically
failed to support any of the limitations opined by Dr. Perry, this
Court is not able to glean the ALJ's rationale and cannot find that
the requisite "good reasons" were given for according Dr. Perry's
opinion "very little" weight. See, e.g., Vogel v. Colvin, 2013 WL
5566108, *5 (E.D.N.Y. Oct. 9, 2013).

Moreover, because the ALJ gave very little weight to the only
two physical assessments in the record, it appears that the ALJ
impermissibly substituted her own medical judgment for competent
medical opinion. See Silvers v. Colvin, 67 F. Supp. 3d 570, 580
(W.D.N.Y. 2014) ("The ALJ's determination to give the treating
physician's opinion such little weight can only be interpreted by
the court as an arbitrary substitution of his own judgment for

competent medical source opinion evidence.") (citing <u>Balsamo v.</u> <u>Chater</u>, 142 F.3d 75, 81 (2d Cir. 1998) (holding that ALJ cannot arbitrarily substitute his own judgment for competent medical opinion or set his own expertise against that of treating physician)).

Regarding mental impairments, the ALJ failed to discuss the only mental health assessment in the record, which came from an early Disability Determination Explanation completed just two months after plaintiff filed her application. The record reveals that plaintiff received regular mental health treatment and was prescribed a variety of psychotropic medications for treatment of her conditions. The ALJ's failure to consider the only medical opinion evidence regarding plaintiff's mental health impairments was reversible error. See 20 C.F.R. 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

Accordingly, this case is reversed and remanded for further administrative proceedings consistent with this Decision and Order. On remand, the ALJ is directed to evaluate Dr. Perry's opinion with reference to the appropriate legal standards. See 20 C.F.R. § 416.927(c)(2) (listing factors applicable to evaluation of treating physician's opinion). The ALJ is also directed to obtain a medical source opinion, preferably from a treating source, regarding plaintiff's mental health impairments and limitations. If an opinion cannot be obtained from a treating mental health source, the ALJ is directed to order a consulting psychiatric examination. Because vocational expert testimony will necessarily be altered

upon a finding of a different RFC on remand, the ALJ is also directed to obtain new hearing testimony from a vocational expert, and to pose hypothetical questions which reflect the RFC found on remand.

## VI.  Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 12) is denied and plaintiff's motion (Doc. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     February 27, 2017
           Rochester, New York.